UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                        Case No.  15-cr-20621
                                                                Hon. Matthew F. Leitman

v.

ERIC JUNOD,

                Defendant.

_____/

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and ADRIANA DYDELL, Assistant United States Attorney, together with Defendant ERIC JUNOD ("Defendant"), individually and by and through his attorneys, JAMES GEROMETTA, ESQ. and BENTON MARTIN, ESQ. hereby submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.     The United States of America (the "United States") obtained a First Superseding Indictment on or around June 30, 2016, which charges Defendant with Count One, Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), Count Two, Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), Count Three, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), Count Four, Attempted Production and/or Production of Child

Pornography in violation of 18 U.S.C. § 2251(a) and Count Five, Attempted Online Coercion and Enticement and/or Online Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). (Docket #56). The First Superseding Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. §§ 2253 and/or 2428.

2.      On or about September 27, 2016, Defendant pleaded guilty to Count Five of the First Superseding Indictment, which charges Defendant with Attempted Online Coercion and Enticement and/or Online Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). In the Rule 11 Plea Agreement, Defendant also agreed to forfeit the following property to the United States:

a.  One (1) iPhone 4S, FCC ID BCG-E2430A; and

b.  One (1) iPad, serial number DMPPS1TQG5VY.

(collectively 2.a. and 2.b. shall be referred to as, the "Subject Property").

3.      In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment and agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and that this Order shall become final as to Defendant at entry. Defendant also expressly waives his right, if any, to have a jury determine the forfeitability of his interest in the Subject Property.

4.     In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rules of Criminal Procedure 11(b)(1)(J).

5.     In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

6.     In entering into this Stipulation with respect to forfeiture, Defendant specifically acknowledges that the Subject Property was involved in, used for, or intended to be used to commit, or to promote the commission of, Attempted Online Coercion and Enticement and/or Online Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b), and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 2428.

Based on the First Superseding Indictment, Defendant's conviction, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2428, the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, for at least thirty consecutive days, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

5

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Adriana Dydell                               s/James R. Gerometta
ADRIANA DYDELL                          JAMES R. GEROMETTA, ESQ.
Assistant United States Attorney     Attorney for Defendant
211 W. Fort Street, Suite 2001          613 Abbott Street, 5th Floor
Detroit, MI 48226                              Detroit, MI 48226
(313) 226-9125                                 (313) 967-5839
adriana.dydell@usdoj.gov               james_gerometta@fd.org
[CA Bar No 239516]                        [P60260]

Dated: September 30, 2016               Dated: September 27, 2016


s/Benton C. Martin                           s\Eric Junod, please see attached page
BENTON C. MARTIN, ESQ.          ERIC JUNOD
Attorney for Defendant                  Defendant
613 Abbott Street, 5th Floor
Detroit, MI 48226                             Dated: September 27, 2016
(313) 967-5832
benton_martin@fd.org

Dated: September 27, 2016

*********************************************

**IT IS SO ORDERED.**

               s/Matthew F. Leitman
               MATTHEW F. LEITMAN
               UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2016

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce

this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal

Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: 9/30 , 2016

BENTON C. MARTIN, ESQ.
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, MI 48226
(313) 967-5832
benton_martin@fd.org

Dated: 9/27 , 2016

JAMES R. GEROMETTA, ESQ.
Attorney for Defendant
613 Abbott Street, 5th Floor
Detroit, MI 48226
(313) 967-5839
james_gerometta@fd.org
[P60260]

Dated: 9/27 , 2016

ERIC JUNOD
Defendant

Dated: 9/27 , 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

HON. MATTHEW F. LEITMAN
United States District Judge

7