UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No. 15-cr-20621
                                        Hon. Matthew F. Leitman

v.

ERIC JUNOD,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PRE-SENTENCE RELEASE WITH CONDITIONS (ECF #67)

On September 27, 2016, Defendant Eric Junod ("Junod") pleaded guilty to online enticement and coercion of a minor child, in violation of 18 U.S.C. § 2422(b). (*See* Rule 11 Plea Agreement, ECF #64 at 1, Pg. ID 764.)  Junod has been detained since his initial appearance on August 18, 2015, and he is scheduled to be sentenced on January 24, 2017.  (*See* ECF ## 7, 65.)  On October 15, 2016, Junod filed a motion seeking pre-sentence release subject to conditions imposed by the Court (the "Motion for Pre-Sentence Release"). (*See* ECF #67.)  Junod explains that such release will allow him to take care of his personal affairs, such as selling his house and possessions, and allow him to spend time with his parents. (*Id* at 1-2, Pg. ID 792-93.)  Junod also contends that his "release will give his parents the chance to prepare him to make the most out of his time in BOP custody," and he insists that

1

"depriving [him] of this opportunity would exact unusual hardships on him and harm the interests of the community in successful rehabilitation." (Reply, ECF #69 at 3, Pg. ID 809.)  The Government responded to the Motion for Pre-Sentence Release on October 24, 2016. (*See* ECF #68.)  The Government argues that the motion must be denied because pre-sentence detention is required under 18 U.S.C. § 3143(a)(2) ("Section 3143(a)(2)").

The Government is correct that Section 3143(a)(2), standing alone, requires the Court to continue Junod's detention[1], but the government is incorrect when it suggests that the Court's analysis must end with Section 3143(a)(2).  As explained further below, the Court may also consider whether to release Junod under a separate statute, 18 U.S.C. § 3145(c) ("Section 3145(c)").[2]  The Court has undertaken that analysis and concludes that Junod is not entitled to release pending sentencing.

---

[1] Section 3143(a)(2) governs the release or detention of "a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. § 3142(f)(1)] and is awaiting imposition or execution of sentence."  A case falls within subparagraph (B) of 18 U.S.C. § 3142(f)(1) if it involves "an offense for which the maximum sentence is life imprisonment or death."  Junod's statutory maximum sentence is life imprisonment. *See* 18 U.S.C. §2422(b).  Thus, Section 3143(a)(2) applies to Junod's request for release.

[2] Section 3145(c) reads: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." *See* 18 U.S.C. § 3145(c) (emphasis added).

2

Under Section 3143(a)(2), a judicial officer "shall" order pre-sentence detention unless:

> (A) (i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*. Under this statute, a court must order pre-sentence detention unless the conditions set forth in *both* subparagraphs (A) and (B) are satisfied.

Here, Junod cannot satisfy either condition listed in subparagraph (A). First, there is no substantial likelihood that the Court will grant a motion for acquittal or new trial because Junod has pleaded guilty to his offense. Second, the government has not recommended, and cannot recommend, a sentence without a term of imprisonment because 18 U.S.C. § 2422(b) mandates a mandatory minimum sentence of ten years imprisonment. Because Junod cannot satisfy subparagraph (A), Section 3143(a)(2) requires the Court to detain him.

But the Court's analysis does not end with Section 3143(a)(2). The United States Court of Appeals for the Sixth Circuit has held that even where Section 3143(a)(2) would otherwise require detention, a "district court has authority to

release a defendant . . . upon a showing of 'exceptional reasons' under Section 3145(c)." *United States v. Christman*, 596 F.3d 870, 870-71 (6th Cir. 2010).[3] While a district court may have "broad discretion" in assessing whether "exceptional reasons" exist, *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003), that discretion is guided by the "general[] agree[ment among courts] that the term 'exceptional reasons' is limited to situations which are out of the ordinary, uncommon, or rare." *U.S. v. Miller*, 568 F.Supp.2d 764, 774-75 (E.D. Ky. 2008) (internal quotations marks omitted) (collecting cases).

Junod's circumstances are not exceptional. Many defendants, like Junod, who have been convicted of serious crimes face painful separation from family members, a difficult transition to long-term custody, and an inability to manage their personal affairs. Courts have declined to find the exceptional circumstances standard satisfied under these circumstances. *See, e.g.*, *United States v. Cook*, 42 Fed.Appx. 803, 804 (6th Cir. 2002) (upholding the district court's conclusion that cooperation with the government and family hardship were not exceptional reasons warranting release);

---

[3] A showing of "exceptional reasons" is not sufficient for release under Section 3145(c). Section 3145(c) also requires that the defendant "meet the conditions set forth in [18 U.S.C.] 3143(a)(1)." 18 U.S.C. § 3145(c). To satisfy those conditions, a defendant must present "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." *See* 18 U.S.C. §3143(a)(1). In light of the Court's conclusion that exceptional circumstances do not exist here, the Court need not, and does not, reach the questions of whether Junod is a flight risk or a danger to the community.

*United States v. Smiley*, 2014 WL 823401, at *3 (E.D. Mich. March 3, 2014) (refusing to find exceptional reasons where defendant sought release to take care of personal matters and undergo dental procedure scheduled before his arrest). Moreover, Junod's circumstances are unlike those that courts have deemed exceptional. *See, e.g.*, *United States v. Goss*, 2015 WL 914708, at *1-3 (E.D. Tenn. March 3, 2015) (finding exceptional reasons under Section 3145(c) where defendant was diagnosed with stage IV cancer and had a life expectancy of three months or less); *United States v. Williams*, 903 F. Supp. 2d 292, 293 (M.D. Pa. 2012) (finding exceptional reasons under Section 3145(c) where defendant's family would have become homeless if defendant was unable to work during wife's six week recovery from surgery to repair umbilical hernia).

Junod directs the Court's attention to *United States v. Charger*, 918 F.Supp. 301 (D.S.D. 2004), a decision in which a district judge found exceptional reasons warranting pre-sentence release. (*See* ECF #69 at 2-3, Pg. ID 808-809.) The Court does not find *Charger* persuasive here for two reasons. First, *Charger* is distinguishable. The court stressed that there was a "very" real possibility that it would depart downward from the sentencing guidelines, and the prospect of such a departure influenced the court's assessment of whether extraordinary reasons existed. *Id*. at 303. The opposite is true here. Junod faces a lengthy mandatory custodial sentence. Likewise, the criminal conduct in *Charger* was a "single act out

of all character for him," and the defendant in *Charger* had "never been and [was] not now a danger to society, to the victim or to anyone." *Id*. at 302. The same is not true here. Second, the Eighth Circuit later "disagreed" with the analysis in *Charger*, *see United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004), and district courts have declined to follow *Charger* on the ground that it has been "abrogated" and/or "rejected" by the Eighth Circuit. *See, e.g., United States v. Roos*, 2013 WL 3005631 at *6 (E.D. Ky. 2013); *United States v. Posada*, 109 F.Supp.2d 911, 914 (W.D. Tex. 2015).

Although the Court is sympathetic to Junod's desire to spend time with his elderly parents and to get his affairs in order before sentencing, his situation is not "out of the ordinary, uncommon or rare." *Miller*, 568 F.Supp.2d at 774-75. Accordingly, the Court concludes that Junod has not shown the "exceptional reasons" necessary for release under Section 3145(c).

Thus, for the reasons set forth above, **IT IS HEREBY ORDERED** the Motion for Pre-Sentence Release is **DENIED.**[4]

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2016

---

[4] The Court deemed it appropriate to decide this motion without a hearing. *See* Local Rule 7.1(f)(2).

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2016, by electronic means and/or ordinary mail.

s/Amanda Chubb (in the absence of Holly A. Monda)
Case Manager
(810) 341-9764