UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

Case Nos. 15-cr-20621
           19-cv-12858
Hon. Matthew F. Leitman

v.

ERIC JUNOD,

    Defendant/Petitioner.

_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE
(ECF No. 100) AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Eric Junod has filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"). (*See* Mot. to Vacate Sentence, ECF No. 100.) For the reasons explained below, Junod's motion is **DENIED**.

**I**

On June 30, 2016, a federal grand jury returned a first superseding indictment that charged Junod with five child pornography–related crimes, including receipt, possession, and distribution of child pornography. (*See* First Superseding Indictment, ECF No. 56, PageID.637–640.) Junod faced a sentence of twenty years in custody on the distribution charge. (*See id.*, PageID.637–638; *see also* 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1).)

Rather than go to trial, Junod entered into a Rule 11 plea agreement. The agreement called for him to plead guilty to Count Five of the indictment, which charged him with violating 18 U.S.C. § 2422(b). (*See* Plea Agreement, ECF No. 64.) That statute provides:

1

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

Junod's plea agreement explained that there were two elements to his offense: (1) "The Defendant, using any facility of interstate or foreign commerce, knowingly persuaded, induced, enticed or coerced an individual who had not attained the age of 18 years" to (2) "engage in any sexual activity for which any person can be charged with a criminal offense." (Plea Agreement, ECF No. 64, PageID.765.) And the plea agreement set forth the following factual basis for his plea:

> In August 2015, Junod met a 15-year-old girl, Minor Victim 1, or MV-1, on social media application Meet24. Defendant was living in [Holly], Michigan, Defendant and MV-1 communicated using Meet24 several times per day and through those communications, Defendant befriended MV-1 and learned her age. Defendant persuaded and coerced MV-1 into producing sexually explicit images and videos of herself and her genitalia and sending those images and videos to him through the internet. Production of child pornography is a federal and state criminal offense for which any person can be charged. Meet24 is a social media application that is accessed through the internet, a means or facility of interstate or foreign commerce.
>
> Defendant used several other social media sites to receive, trade and distribute child pornography material with other users. Junod stored child pornography materials in his iPhone and DropBox account.

(*Id.*, PageID.765–766.)

In the plea agreement, Junod and the Government agreed that his sentencing guidelines range called for a sentence of 292 to 365 months in custody. (*See id.*, PageID.766.) The parties' guidelines calculation included two sentencing enhancements that are at issue in Junod's current motion. First, the parties agreed that Junod should be assessed two offense levels under U.S.S.G. § 2G2.1(b)(6)(B) because his crime involved "the use of a computer." (*See id.*, PageID.776.) Second, the parties agreed that Junod should be assessed five offense levels under U.S.S.G. § 4B1.5(b)(1). (*See id.*, PageID.780.) This five-point enhancement applies to "[a]ny case in which the defendant's instant offense of conviction is a covered sex crime, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." (*Id.*)

Furthermore, the plea agreement provided that, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Junod's sentence should be capped at 240 months' imprisonment – 125 months less than the top of the agreed guidelines range. (*See id.*, PageID.767.)

On May 23, 2017, this Court sentenced Junod to a sentence of 180 months. (*See* Judgment, ECF No. 86, PageID.1015.) That sentence was 60 months below the agreed-upon cap on Junod's sentence and more than 100 months below the bottom of his sentencing guidelines range.

## II

Junod now moves to vacate his sentence under Section 2255. (*See* Mot. to Vacate Sentence, ECF No. 100.) Junod argues that he received ineffective assistance of counsel

3

when his attorney failed to argue against the above-described sentencing enhancements. (*See id.*, PageID.1148.)

In response, the Government contends that Junod's ineffective assistance of counsel claim fails because his counsel negotiated a favorable plea agreement and Junod does not claim that he would have gone to trial to challenge the sentencing enhancements. (*See* Resp., ECF No. 104, PageID.1175–1178.) In the alternative, the Government argues that Junod's counsel was not ineffective for failing to object to the at-issue sentencing enhancements because the enhancements were properly assessed. (*See id.*, PageID.1178–1186.) Notably, Junod's Reply brief did not respond to the Government's argument that the sentencing enhancements were properly applied. (*See* Reply, ECF No. 105.)

### III

The Court agrees with the Government that Junod's trial attorney was not deficient in withholding an objection to the sentencing enhancements in question because the enhancements were properly assessed.

### A

The Court first turns to Junod's argument that he was incorrectly assessed two offense levels under U.S.S.G. § 2G2.1(b)(6)(B) for using a computer to commit his offense. (*See* Mot. to Vacate Sentence, ECF No. 100, PageID.1152–1155.) Junod contends that this two-point enhancement was improper "double counting" because "[t]he use of a computer is an element of the offense to which he pled." (*See id.*, PageID.1142.) The Court disagrees.

The use of a computer is not an essential element of the offense created by 18 U.S.C. § 2422(b). The statute prohibits the enticement of a minor through the use of "the mail or

*any* facility or means of interstate or foreign commerce." 18 U.S.C. § 2422(b) (emphasis added). Thus, there are "many ways" that a defendant may commit the enticement prohibited by this statute, and the use of a computer is "just one" of them. *United States v. Tenuto*, 593 F.3d 695, 699 (7th Cir. 2010) (affirming two-point sentencing enhancement for defendant who used a computer to violate 18 U.S.C. § 2252A(a)(1)); *see also United States v. Lewis*, 605 F.3d 395, 403 (6th Cir. 2010) (citing *Tenuto* and affirming a two-point sentencing enhancement for defendant who used a computer to violate 18 U.S.C. § 2252(a)(1)). And "[b]ecause a defendant need not use a computer to violate the statute . . . it does not constitute double counting to use that fact to enhance his guidelines." *Tenuto*, 593 F.3d at 699; *see also Lewis*, 605 F.3d at 403 ("[The] enhancement for using a computer aims at punishing a distinct harm beyond the mere transmission of child pornography. . . . As such, we cannot accept [defendant's] position that enhancing his sentence for his use of a computer is double-counting when the enhancement is designed to address a distinct harm.").

Accordingly, Junod's attorney was not ineffective for failing to object to the assessment of the two-point enhancement as double counting. *See Demink v. United States*, No. 10-cr-20676, 2015 WL 4429441, at *7 (E.D. Mich. July 20, 2015) ("Because the use of a computer is not a necessary element of 18 U.S.C. § 2422(b) . . . , and because [the offense] can be committed without the use of a computer, Demink's attorney's

5

performance was not deficient for failing to object to the sentence level enhancements assessed for use of a computer.").[1]

B

The Court next turns to Junod's argument that he was incorrectly assessed five offense levels under U.S.S.G. § 4B1.5(b)(1) for engaging in a "pattern of activity involving prohibited sexual conduct." (*See* Mot. to Vacate Sentence, ECF No. 100, PageID.1148–1152; quoting U.S.S.G. § 4B1.5(b).) Junod contends that his five-point enhancement was improper because (1) all of the conduct that constituted the alleged "pattern" fell within the count of conviction, and (2) conduct subsumed within the count of conviction cannot be considered when determining whether a "pattern" has been established. (*See id.*, PageID.1150–1152.) The Court disagrees with both prongs of Junod's argument.

First, the "pattern" included conduct that fell outside of the count of conviction. For instance, the "pattern" reflected Junod's admitted sexual touching of his daughter's genitalia for his own sexual gratification when she was a toddler. (*See* 5/15/17 Sentencing Hr'g Tr. at 11:10–12, 42:10–18, ECF No. 95, PageID.1078, 1109; Presentence

---

[1] While the two-point assessment for use of a computer is not double counting as a technical matter, the assessment of these two points may, in appropriate case, be a basis for a downward variance from the guidelines range.

Investigation Report ¶ 19.[2]) That touching qualifies as "prohibited sexual conduct," *see* U.S.S.G. § 4B1.5 cmt. 4(A),[3] and it was not included within the count of conviction.

Second, conduct that falls within the count of conviction *can* be considered in determining whether a "pattern" has been established. As the comment concerning the "pattern" enhancement explains, "[a]n occasion of prohibited sexual conduct may be considered . . . without regard to whether the occasion (I) occurred during the course of the instant offense." U.S.S.G. § 4B1.5 cmt. 4(B)(ii). Thus, "a district court may apply this enhancement based on conduct giving rise to the conviction." *United States v. Sibley*, 681 F. App'x 457, 461–62 (6th Cir. 2017) (affirming five-point "pattern of activity" enhancement based, in part, upon conduct underlying the defendant's conviction); *see also United States v. Corp*, 668 F.3d 379, 391–92 (6th Cir. 2012) (affirming five-point enhancement based on "(1) the instant offense; (2) photographs of a seventeen-year-old girl engaged in sexual acts, which surfaced in [defendant's] 1999 [conviction]; and (3)

---

[2] Junod's Presentence Investigation Report noted that "when [Junod's daughter] was approximately 12 months old he was bathing her and he rubbed the outside of her genitals with his finger in a sexualized manner for a few seconds." (PSIR ¶ 19.) At Junod's sentencing hearing, the Court found as true the facts set forth in the Presentence Investigation Report to calculate Junod's sentencing guidelines – including that Junod had touched his daughter inappropriately. (*See* 5/15/17 Sentencing Hr'g Tr. at 7:11–14, ECF No. 95, PageID.1074.)

[3] "Prohibited sexual conduct" includes any sex offense covered under Section 1591 or Chapters 117, 109A, and 110 of the federal criminal code, as well as state sex offenses that would be covered under such federal laws had the offense occurred in federal jurisdiction. *See* U.S.S.G. § 4B1.5 cmt. 4(A); 18 U.S.C. § 2426(b)(1). Junod's touching of his daughter's genitalia for his sexual gratification constitutes "prohibited sexual conduct" because it amounts to aggravated sexual assault under 18 U.S.C. § 2241(c) – a statute found in Chapter 109A of the federal criminal code.

pictures [that the defendant possessed] of an unidentified, young-looking girl with orthodontic braces performing oral sex").

For the reasons explained above, both Junod's touching of his daughter's genitalia and his conduct underlying the offense of conviction were properly counted as incidents of "prohibited sexual conduct" under U.S.S.G. § 4B1.5(b)(1). And because Junod engaged in at least two instances of such conduct at different times, the enhancement for engaging in a "pattern of prohibited sexual conduct" was properly applied to him. *See* U.S.S.G. § 4B1.5 cmt. 4(B)(i) (explaining that a "pattern of activity involving prohibited sexual conduct" exists where the defendant engages in such conduct "on at least two separate occasions"). Accordingly, Junod's attorney was not deficient in failing to object to the enhancement.

## IV

Junod may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that the challenged sentencing enhancements were properly applied and that Junod's counsel was thus not deficient in failing to object to them. Thus, a certificate of appealability is not warranted in this case.

**V**

For the reasons explained above, **IT IS HEREBY ORDERED** that Junod's motion to vacate his sentence (ECF No. 100) is **DENIED**, and the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764